*(margin note: Bennington, January, 1827. Stamford vs. Whitingham)*

---

ARTEMAS CRITTENDEN vs. SOLOMON WRIGHT, jr.—*IN ERROR.*

*(margin note: Bennington, January, 1827.)*

A writ of error will lie in any case of a civil nature, in which final judgment may have been rendered by the county court; and if, on a motion to dismiss the writ, the court, upon looking into the record, find that such a judgment is alleged to have been rendered, the motion will be overruled.

A decision of the county court *rejecting* any report of referees, cannot be revised on a writ of error. The supreme court cannot proceed to render judgment on the report.

If the county court *reject* a report of referees entered into by the parties, *under a rule of a justice of the peace,* and made returnable to the county court, they have not authority to proceed further and render a judgment for costs.

But although the county court is not authorized to render a judgment for costs *in such case,* still, in as much as they have jurisdiction of the report, the proceeding to render a judgment for costs on a rejection thereof, is not regarded as *coram non judice* and void, but only as erroneous; and the party may be relieved by writ of error.

THE material part of the record, as set out in the writ of error, is that on the 18th day of November, 1822, a rule of

*Bennington,*
January,
1827.

Crittenden
*vs.*
Wright.

reference, on the application of the parties, was made between them, by *A. Robinson*, justice of the peace, returnable to the county court, at the December term, 1822, at which term a report was by the referees made, in favour of the plaintiff, and by the court rejected; whereupon the court proceeded to render judgment for the defendant to recover his costs, upon which a writ of execution was issued.

It was to reverse this judgment, that the present writ of error was brought.

The defendant filed a motion to dismiss the writ of error.

The cause was argued upon the motion to dismiss, and also upon the merits of the errors assigned.

The opinion of the Court was pronounced by

SKINNER, Ch. J. The attention of the Court has, in the first instance, been called to the question arising under the motion to dismiss the process. The defendant contends, that the proceeding of the county court upon the report of the referees, cannot be cause for which a writ of error may be sustained. That the acceptance or rejection of a report is matter of legal *discretion*, and cannot be revised by a writ of error. This position is not tenable.

Error will lie in any case of a civil nature, in which final judgment may have been rendered by the county court. On a motion to dismiss, the court have only to look into the record, and if such judgment is alleged to have been rendered, the motion will be overruled. The process, therefore, cannot be dismissed. Upon the principal question it is insisted, that this court will not reverse the judgment of the county court, rendered upon the report of referees. It is not the result of judicial proceeding, in the ordinary course, but of the mutual consent of the parties, and is in the nature of an award of arbitrators—that the acceptance, or rejection by the court, is a matter of discretion, and that judgment will of course follow.

It is unnecessary, in this case, to decide whether a judgment of the court rendered upon the *acceptance* of the report of referees can be reversed by error in this Court or not.

If the county court *reject* the report of referees, whether made under a rule of that court or of a single magistrate, and whether for cause which this court would deem sufficient or not, it cannot be revised on writ of error in this court; or rather this court cannot proceed to render judgment on the report. The more important questions in this case are, can the county court, on rejecting a report of referees, proceed to render judgment for costs? and if not, is the judgment erroneous, or is it void, and to be regarded as a proceeding *coram non judice.* If the reference is by rule of the county or supreme court, and the report rejected, the cause remains in court for trial, and the statute directs the cost of the reference to be taxed for the party who shall finally recover: there can, therefore, be no pretence of right to claim a judgment for costs

on the rejection.    In this case the report was made to the
county court, under a rule issued by a justice of the peace.    In such case, if the report is approved by the county court, the
statute says "it shall be recorded, and be conclusive and final between the parties, touching the matters so referred ; and ex- ecution shall issue thereon in the same manner as when a rule is originally issued from said court."    If the. report is not ap- proved by the court, the statute gives no authority for further proceeding.    The claims of the parties remain open.    In the case of ordinary process, when a decision is had that puts an end to the proceeding under it, whether the claims of the par- ties are determined or not, judgment being entered, costs are ordinarily allowed.    This is not a case of ordinary judicial pro- ceeding, and the statute authorizes no record of a judgment to be made, nor is any judgment contemplated, unless the report is approved; there is, therefore, regularly, nothing on which to predicate an execution for costs.

Upon the question, whether error is the proper remedy, it cannot be said the county court had no jurisdiction of the sub- ject matter.    Jurisdiction is given by the statute, and the court, if the report is approved, must make a record thereof, and is- sue execution, which necessarily requires a judgment.

Although the judgment in this case is not such as is author- ized by the statute, yet we are inclined to consider the pro- ceeding not strictly *coram non judice.*    It is not like the case of *Adams* vs. *Wheeler*, in which this court decided, error would not 1 D. Chip. R. lie to reverse the judgment of persons having no authority as a 417: court.    It was there held, the writ of error admits the exist- tence of the court, and supposes a record and a judgment.

Whether this judgment might, for irregularity, be avoided by plea or not, we consider, in as much as the subject matter was within the jurisdiction of the court, the party may be relieved by writ of error; therefore,

Judgment must be reversed.

*D. Church* and *D. Robinson, Jr.* for the plaintiff in error.

*Hiland Hall* and *S. H. Blackmer*, for the defendant in error.